## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WALTER GALLINGHOUSE, et al.**                    **CIVIL ACTION**

**VERSUS**                                          **CASE NO. 16-4261**

**WILLIAM MATTHEW BLACK**                          **SECTION: "G" (5)**

### ORDER

Walter Gallinghouse, Joanne Gallinghouse, G & A Publishing, Inc., and Gallinghouse &
Associates, Inc. (collectively "Movants") move for leave to appeal the April 21, 2016 order of the
United States Bankruptcy Court for the Eastern District of Louisiana denying their motion for
summary judgment.[1] Having reviewed the motion, the memoranda in support, the memorandum
in opposition, the record, and the applicable law, the Court will deny the motion.

### I. Background

This case arises from a Chapter 11 bankruptcy filed by William Matthew Black ("Black")
before the United States Bankruptcy Court for the Eastern District of Louisiana.[2]  A civil judgment
was entered against Black in the 22nd Judicial District Court of Louisiana after the court
determined that Black had committed acts of conversion, civil conspiracy, and intentional
infliction of emotional distress against Movants.[3] Deborah Black, William Matthew Black's ex-
wife, was also found guilty of theft by the misappropriation or taking of property belonging to
Gallinghouse and Associates and G & A Publishing, and a Restitution Judgment was entered

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 2-2 at 2.

[3] Rec. Doc. 1-1 at 3.

1

against her on March 15, 2012.[4] Movants filed an Adversary Complaint in the Bankruptcy Court to deny the discharge of Black's debts pursuant to 11 U.S.C. § 523(a)(6) for "alleged willful and malicious injury" and pursuant to 11 U.S.C. § 542 for "turnover of property."[5] Both Black and Movants filed motions for summary judgment before the Bankruptcy Court, and a hearing on the motions was held on April 20, 2016.[6] The Bankruptcy Court denied both motions on April 21, 2016.[7]

Movants filed the instant motion on May 6, 2016.[8] Black filed an opposition on May 20, 2016.[9] On May 24, 2016, Movants filed a reply with leave of Court.[10] Also on May 24, 2016, the Court granted Movants' motion for expedited hearing and set the instant motion for hearing, without oral argument, on May 27, 2016.[11]

## II. Parties' Arguments

### A.   *Movants' Arguments in Support of Leave to Appeal*

Movants seek leave to appeal the April 21, 2016 Order of the United States Bankruptcy Court for the Eastern District of Louisiana.[12] Movants assert that they have filed three Proofs of Claims in the Bankruptcy Court as a result of Black's "personal and/or communal liability for a

---

[4] *Id.* at 17.

[5] *Id.*

[6] Rec. Doc. 2-2 at 2.

[7] Rec. Doc. 2-1.

[8] Rec. Doc. 1.

[9] Rec. Doc. 2.

[10] Rec. Doc. 8.

[11] Rec. Doc. 6.

[12] Rec. Doc. 1.

Restitution Judgment rendered against Mr. Black's former wife due to embezzlement as well as other offenses."[13] Movants contend that they sought summary judgment before the Bankruptcy Court arguing that the state court civil judgments they obtained are the type that are usually non-dischargeable pursuant to Section 523(a)(6) of the United States Bankruptcy Code.[14] Furthermore, they contend that the state court findings that Black had committed acts of conversion and intentional infliction of emotional distress are "dispositive of the dischargeability issues as such Judgment must be given the effect of collateral estoppel in the bankruptcy proceeding."[15] Movants assert that the Bankruptcy Court denied summary judgment, expressing that the court would not give the state court determination collateral estoppel effect and that "irrespective of the determination of whether the restitution judgment is a community debt, [the court] would limit the Gallinghouse entities' recovery to Deborah Black's portion of the community property when Louisiana Community property law requires that each spouse remain liable for the entirety of the community debts."[16]

In the instant motion, Movants seek leave to appeal the Bankruptcy Court's Order and raise the following issues: (1) whether the denial of summary judgment is proper considering the Bankruptcy Court's failure to recognize that Black's debts arise from a trial judgment where the state court concluded that Black committed conversion and intentional infliction of emotional distress, and therefore the debts are non-dischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code; and (2) whether the denial of summary judgment is proper considering that the

---

[13] *Id.* at 2.

[14] *Id.*

[15] *Id.* at 3.

[16] *Id.* at 4.

Bankruptcy Court failed to recognize that the state court's determination that Black had participated in civil conspiracy is dispositive of whether the Restitution Judgment against Deborah Black represents a community debt for which Black remains personally liable.[17] Movants assert that the failure of the Bankruptcy Court to recognize controlling legal authority on issue preclusion and community property law "dooms the Gallinghouse entities to retry a case, in its entirety, that has already been tried."[18]

Movants assert that a court may grant leave to appeal from an interlocutory order where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[19] Movants contend that immediate review and success on appeal will obviate the need to retry the entirety of the state court case in a bankruptcy proceeding and may resolve the majority, if not all, of the issues.[20] Movants assert that even if an evidentiary hearing is necessary regarding the extent to which the Restitution Judgment is a community debt, immediate review will benefit the parties in refining the issues remaining to be tried.[21] Finally, Movants contend that granting review at this point may avoid wasteful litigation and expense, will afford Movants relief from years of hardship, emotional distress and continuing financial hardship, and will advance the termination of litigation.[22]

---

[17] *Id.*

[18] *Id.* at 6.

[19] *Id.* (citing 28 U.S.C. § 1292(b)).

[20] *Id.* at 7.

[21] *Id.*

[22] *Id.*

**B.    Black's Arguments in Opposition to Motion for Leave to Appeal**

In opposition, Black contends that the Bankruptcy Court's order is not a final order appealable as of right pursuant to 28 U.S.C. § 158(a)(1) because the denial of a motion for summary judgment is interlocutory in nature.[23]   Black asserts that the Court may exercise jurisdiction over an interlocutory appeal, in its discretion, in exceptional circumstances.[24] However, Black contends that Movants have not offered any compelling reason to depart from the principles of finality, particularly in light of the fact that a trial on the merits is scheduled before the Bankruptcy Court in less than three weeks.[25]

Black asserts that the state court's finding that he committed intentional infliction of emotional distress does not mean that he has committed a "willful and malicious injury" pursuant to 11 U.S.C. § 523(a)(6), making the debt non-dischargeable.[26]   Black contends that courts have held that in order to be a non-dischargeable debt, the individual must have deliberately or intentionally caused the injury, rather than merely performing a deliberate or intentional act that leads to an injury.[27]

Black contends that interlocutory appeals are not favored and leave to appeal should only be granted in exceptional situations where allowing an appeal would avoid protracted and expensive litigation.[28]   Black asserts that although the Bankruptcy Code does not provide a

---

[23] Rec. Doc. 2-2 at 3 (citing *In re Smith*, 735 F.3d 459, 461 (11th Cir. 1984)).

[24] *Id.* (citing 28 U.S.C. § 158(a)(3)).

[25] *Id.*

[26] *Id.* at 8.

[27] *Id.* (citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)).

[28] *Id.* at 15 (citing *In re Cent. La. Grain Co-op, Inc.*, 489 B.R. 403, 408 (W.D. La. 2013)).

standard for determining whether to grant leave to hear an interlocutory bankruptcy appeal, district courts generally apply the standard set forth in 28 U.S.C. § 1292(b), pursuant to which appellate review of interlocutory orders is limited to orders that "involve a controlling question of law as to which there is substantial ground for difference of opinion," and where an immediate appeal "may materially advance the ultimate termination of the litigation."[29]  Black asserts that this case does not involve a controlling question of law because the Bankruptcy Court's summary judgment ruling is based upon a question of fact, and resolution of the issues raised in this appeal would not materially advance the end of litigation.[30]  According to Black, the potential for delaying administration of the bankruptcy case and needlessly expending limited judicial resources weighs strongly against discretionary interlocutory review in this case.[31]

## C.   *Movants' Arguments in Further Support of Leave to Appeal*

Movants contend that the claims against Black have been pending for more than half a decade and arise not only from a theft from Movants, but also actions taken to shield the stolen money from recovery.[32]  Movants assert that although Black argues that a trial is required to determine if the acts found to have constituted intentional infliction of emotional distress and conversion by the state court were "willful" pursuant to Section 523(a)(6) of the Bankruptcy Code, federal courts have held that a civil award for intentional infliction of emotional distress is non-dischargeable.[33]  Movants contend that although the Bankruptcy Court has recently indicated that

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 16.

[32] Rec. Doc. 8 at 1.

[33] *Id.* at 2–3.

it intends to retry only the issue of non-dischargeability, it is precisely because the torts are non-dischargeable that the failure to grant summary judgment was in error.[34]  Movants assert that the refusal to recognize the state court's judgment as controlling is violative of the requirement that federal courts give full faith and credit to state court judgments pursuant to 28 U.S.C. § 1738.[35]

### III. Law and Analysis

#### A.   *Legal Standard*

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals, with leave of the court, from interlocutory orders and decrees of bankruptcy courts. Section 158 does not indicate the standard a district court should use in determining whether to grant leave to appeal.[36] The Fifth Circuit, however, has held that the decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion.[37]  The vast majority of district courts have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders.[38]  This standard contains three elements that must be met in order for a court to permit an interlocutory appeal: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation."[39]

---

[34] *Id.* at 4.

[35] *Id.* (citing *In re Nourbakhsh*, 67 F.3d 798 (9th Cir. 1995)).

[36] *Matter of Ichinose*, 946 F.2d 1169, 1176 (5th Cir. 1991).

[37] *In re O'Connor*, 258 F.3d 392, 400–01 (5th Cir. 2001).

[38] *Id.* at 1177.

[39] *Id.*

**B.    *Analysis***

Bankruptcy interlocutory appeals are generally disfavored because they disrupt the bankruptcy proceedings.[40] The Fifth Circuit has held that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" where the three part test is satisfied.[41] The parties represent that the trial of the adversarial proceeding is scheduled to begin on June 6, 2016.[42] Movants represent that the claims against Black have been pending for more than half a decade.[43] Given that the trial date is fast-approaching and the parties would still have to fully brief their appeal in order for this Court to consider it, the Court concludes that granting Movants leave to appeal the denial of their motion for summary judgment would delay, rather than materially advance, the ultimate termination of the litigation. Accordingly, the Court denies Movants' request for leave to appeal the order of the Bankruptcy Court.

<h3 style="text-align:center;">IV. Conclusion</h3>

Based on the foregoing,

**IT IS HEREBY ORDERED** that Movants' "Motion for Leave to Appeal"[44] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __27th__ day of May, 2016.

.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[40] *In re Searex Energy Servs., Inc.*, No. 09-5817, 2009 WL 2868243 (E.D. La. Sept. 1, 2009) (Engelhardt, J.).

[41] *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

[42] Rec. Doc. 5-1 at 1.

[43] Rec. Doc. 8 at 1.

[44] Rec. Doc. 1.